# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

___

RANDY SCOTT STEVENS,

    Petitioner,

v.                                                  Case No. 19-11069

NOAH NAGY,

    Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND GRANTING PETITIONER'S MOTION TO AMEND

Petitioner Randy Scott Stevens is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. On April 12, 2019, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2.) On August 23, 2019, the court held the petition in abeyance and administratively closed the case so that Petitioner could return to state courts to exhaust additional claims. (ECF No. 9.)

Petitioner has filed a motion for an extension of the stay. (ECF No. 11.) He asks that court allow him to exhaust claims based on newly discovered evidence which he allegedly learned only after the conclusion of his earlier state post-conviction proceedings. Petitioner has also filed a motion to amend his pending brief, which the court construes as a motion to amend his habeas petition. (ECF No. 12.) For the reasons provided below, the court will grant Petitioner's second motion to stay proceedings and his motion to amend.

## I. BACKGROUND

A jury convicted Petitioner in Jackson County Circuit Court of eight counts of criminal sexual conduct. His conviction was affirmed on appeal. *People v. Stevens*, No. 327160, 2016 WL 7333391 (Mich. Ct. App. Dec. 15, 2016), *leave to appeal denied at,* 898 N.W.2d 591 (Mich. 2017).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Stevens,* No. 13-3860-FC (Jackson Cty. Cir. Ct. Jan. 17, 2018). Michigan appellate courts denied Petitioner leave to appeal. *People v. Stevens,* No. 342643 (Mich. Ct. App. Aug. 24, 2018), *leave to appeal denied at,* 924 N.W. 243 (Mich. 2019).

On April 8, 2019, Petitioner filed his application for a writ of habeas corpus.[1] Petitioner sought habeas relief on the same grounds that he raised in state court on his direct appeal and in his post-conviction motions.

On August 15, 2019, Petitioner filed a motion to hold the petition in abeyance so that he could return to the state courts to raise claims that had not been exhausted in state court. (ECF No. 8.) On August 23, 2019, the court granted the motion, stayed the proceedings, held the petition in abeyance, and administratively closed the case. (ECF No. 9.)

Petitioner then filed a second post-conviction motion for relief from judgment with the state trial court, which was denied. *People v. Stevens,* No. 13-3860-FC (Jackson Cty. Cir. Ct. Feb. 27, 2020). Michigan appellate courts denied Petitioner leave to

---

[1] Under the prison mailbox rule, this court assumes that Petitioner filed his habeas petition on April 8, 2019, the date that it was signed and dated. *See Towns v. U.S.*, 190 F. 3d 468, 469 (6th Cir. 1999).

2

appeal. *People v. Stevens,* No. 353833 (Mich. Ct. App. Sept. 29, 2020), *leave to appeal denied at,* 955 N.W. 254 (Mich. 2021).

Petitioner claims that he obtained newly discovered evidence which would support a claim that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). Petitioner seeks an extension of the stay so that he can file a successive motion for relief from judgment to exhaust this claim. (ECF No. 11.) Petitioner has also filed a motion to amend his petition to add the claims he raised in the second post-conviction motion for relief from judgment he filed in state court. (ECF No. 12.)

## II. DISCUSSION

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (quoting *Nowaczyk*, 299 F. 3d at 83) (stating that a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served"); *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015) (Michelson, J.) (granting a motion to stay where a habeas petition originally "contain[ed] only exhausted claims").

The court will grant Petitioner's motion to extend the stay of proceedings and will hold the petition in abeyance so that Petitioner can exhaust his new claim or claims. The outright dismissal of the petition, albeit without prejudice, might bar consideration of

Petitioner's claims if the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) were to expire. See 28 U.S.C. § 2244(d)(1). A common rationale for holding a habeas petition in abeyance occurs when the original petition was timely filed, as was the case here, but a second, fully exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations favor holding the petition in abeyance to permit Petitioner to return to the state courts to exhaust his new claims. In particular, "the court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Moreover, "if this court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other factors support granting the motion to stay the petition. The court is unable at this juncture to determine whether Petitioner's new claims have merit, and the court cannot say that the claims are "plainly meritless." *Thomas*, 89 F. Supp. 3d at 943. Nor, on the other hand, is the court able at this time to say that Petitioner's new claims warrant granting a writ of habeas corpus. *Id.* If state courts deny post-conviction relief, this court could still benefit from the state courts' rulings on Petitioner's claims in determining whether to permit him to amend the original petition to add the new claims.

4

*Id.* In addition, respondent will not be substantially prejudiced by a stay, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943.

Finally, because any new claims that Petitioner wishes to raise in state court may be based on newly discovered evidence, Petitioner has shown good cause for failing to raise these claims sooner. *See*, *e.g.*, *Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

The court recognizes that under Michigan Court Rule 6.502(G)(1), a criminal defendant can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884, 587 N. W. 2d 282 (1998)). However, Rule 6.502(G)(2) states that a defendant may file a second or subsequent motion based on: 1) a retroactive change in law that occurred after the first motion for relief from judgment; or 2) a claim of new evidence that was not discovered before the defendant's first motion. *See Banks,* 149 F. App'x. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner alleges that the claims that he wishes to exhaust in state court are based on newly discovered evidence that was previously unavailable to him.

This court "should exercise caution in finding that" Rule 6.502(G) would bar Petitioner from presenting his claims to state courts. *Banks,* 419 F. App'x. at 418.

5

"Because it is at least debatable whether the Michigan courts would entertain [Petitioner's claims] on a second or successive motion for state postconviction relief" based on one of Rule 6.502(G)(2)'s exceptions, the court will grant Petitioner a stay of proceedings to permit him to exhaust the new claims. *Id.* at 418-20.

### III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Stay" (ECF No. 11) is GRANTED. Petitioner must file a successive motion for relief from judgment in state court within 60 days of entry of this order and then immediately file a notice with this court that includes proof of the state-court filing and a copy of the filing itself. If he fails to timely notify the court that he has sought post-conviction relief in state court, the court will proceed to adjudicate the petition as it stands. Within 60 days after the conclusion of the post-conviction proceedings in state court, petitioner must move to amend his habeas petition to add his new claims. Otherwise, petitioner must inform the court that he will proceed with the petition as is. Nothing in this order shall be considered a disposition of the petition. *Thomas,* 89 F. Supp. 3d at 943-44.

IT IS FURTHER ORDERED that Petitioner's "Motion to Amend" (ECF No. 12) is GRANTED. Petitioner advances new claims that have arguable merit. *See, e.g.*, *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

                                              s/Robert H. Cleland           /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: April 5, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                                      /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-11069.STEVENS.MotiontoStayandMotiontoAmend.DB.RMK.docx