UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY SCOTT STEVENS,

    Petitioner,                         Case No. 3:19-CV-11069

v.                                 UNITED STATES DISTRICT COURT JUDGE
                                         GERSHWIN A. DRAIN

BRYAN MORRISON,

    Respondent,
_____/

**OPINION AND ORDER DENYING AS MOOT THE MOTION TO SUBSTITUTE RESPONDENT WARDEN (ECF No. 26) AND DENYING WITHOUT PREJUDICE THE MOTIONS FOR AN EVIDENTIARY HEARING AND TO APPOINT COUNSEL (ECF No. 27, 31, 32)**

Randy Scott Stevens, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first- and second-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520b and § 750.520c. The petition was held in abeyance so that Petitioner could return to the state courts to exhaust additional claims.

On January 27, 2025, this Court granted Petitioner's motion to reopen the case and to amend the petition. The Court amended the caption to reflect that the respondent is now Bryan Morrison, the warden at the prison that Petitioner is now incarcerated at. The Court ordered that the original and amended petitions be served upon Respondent and the Michigan Attorney General by first class mail and ordered Respondent to file an answer to the original and amended petitions and the Rule 5

1

materials by July 26, 2025. The Court also denied without prejudice Petitioner's motion for an evidentiary hearing and for the appointment of counsel. To date, neither an answer or the Rule 5 materials have been received from respondent. This Court has issued a separate order directing respondent to file an answer and the Rule 5 materials within sixty days.

Petitioner has filed a motion to substitute respondent warden (ECF No. 26), a motion for an evidentiary hearing and for the appointment of counsel (ECF No. 27), a motion for leave to file an amended request for an evidentiary hearing and for the appointment of counsel (ECF No. 31), and an amended motion for an evidentiary hearing and for the appointment of counsel. (ECF No. 32). For the reasons that follow, the motions are denied.

Petitioner's motion to substitute respondent warden is denied as moot because the Court substituted in the new respondent when reopening the case.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his or her claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the

habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his or her claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th Cir. 2001). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motions for an evidentiary hearing will be denied without prejudice because the Court has yet to receive an answer or the Rule 5 materials from respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Following receipt of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve Petitioner's claims.

The Court denies Petitioner's renewed requests for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). Petitioner was able to file his original habeas petition and the motion to hold the petition for writ of habeas corpus in abeyance. Petitioner has also now been able to file an amended habeas petition and several additional motions. Petitioner has not shown a need for the appointment of counsel at this point. The Court will reconsider Petitioner's request for counsel after receiving and reviewing the answer and the Rule 5 materials.

SO ORDERED.

Dated: September 22, 2025            /s/Gershwin A. Drain
                                     GERSHWIN A. DRAIN
                                     United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record and on Randy Scott Stevens, 214912, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 on <u>September 22, 2025,</u> by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager